PER CURIAM
*334 Appellant seeks reversal of a judgment committing him to the custody of the Mental Health Division for a period not to exceed *807 180 days. See ORS 426.130. In his sole assignment of error, appellant contends that the trial court plainly erred when it failed to advise him of the possible results of the commitment hearing as required by ORS 426.100(1). Specifically, he asserts that the trial court plainly erred when it failed to inform him of the possibility of voluntary treatment and conditional release. In response, the state concedes that, under State v. M. M. , 288 Or. App. 111, 405 P.3d 192 (2017), and State v. M. S. R. , 288 Or. App. 156, 403 P.3d 809 (2017), the trial court's failure to advise appellant of all of the possible results of the proceeding, as required by ORS 426.100(1), is plain error. We agree that the error is plain, and-for the reasons set forth in M. M. and M. S. R. -exercise our discretion to correct the error.
Reversed.